**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RONNY T. GARCIA,

      Petitioner,

vs.                                                        Civil No. 99-814 MV/WWD

ERMA LUCERO, Warden,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      1.    THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed September 1, 1999 **[docket # 10]**. Petitioner is proceeding *pro se* and *in forma pauperis* and has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Garcia is currently incarcerated pursuant to the judgment, sentence and commitment of the Eleventh Judicial District Court, San Juan County upon having pled guilty to Aggravated Battery and False Imprisonment.

      2.    Mr. Garcia present the following grounds for relief:

(1) that the terms of the plea agreement were violated in that the agreement and defense attorney told Petitioner that there would only be four years of habitual offender enhancement for Count I and that his attorney did not explain all "meanings and punishment"; [1] and

(2) that defense counsel failed to explain the terms of the plea agreement and that Petitioner was led to believe that he would receive only four (4) years Habitual Offender enhancement on Count 1, and 18 months on Count 3.

      3.    The State has filed a motion to dismiss on the basis that the second claim was not exhausted in state court. Petitioner did file a direct appeal and the Court of Appeals

---

      [1] Construing the claim liberally, it seems that Petitioner challenges the sentence of 3 years for the basic offense for Count I *in addition to* 4 years habitual offender enhancement.

remanded the case for re-sentencing because the trial court may have considered improper factors in aggravating his sentence.[2] However, the second claim (ineffective assistance of counsel) in the present petition was not included in that appeal, nor in the self-styled "writ of mandamus" Petitioner filed in state court.

    4. The exhaustion doctrine as codified in 28 U.S.C. §2254(c) is rooted in considerations of federal-state comity and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention. Picard v. Connor, 404 U.S. 270 (1971). Under this doctrine, a state prisoner must generally exhaust available state court remedies before filing a habeas corpus action in federal court. See Picard v. Connor, 404 U.S. 270, 275 (1971); Hernandez v. Starbuck, 69 F.3d 1089, 1092-93 (10th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1855, 134 L.Ed.2d 954 (1996).

    5. Ordinarily, the failure to raise these claims on appeal would result in procedural default. Jackson v. Shanks, 140 F.3d 1340, 1344 (10th Cir. 1998). However, ineffective assistance claims are excepted from this rule. See Duncan v. Kerby, 115 N.M. 344, 346 (1993). Nevertheless, Petitioner has not afforded the New Mexico courts any opportunity to correct his alleged constitutional errors relating to ineffective assistance of counsel through a writ of habeas corpus.

    6. In this case, since his petition contains both an exhausted and unexhausted claim, it should be dismissed without prejudice so that Mr. Garcia will have the opportunity to

---

[2] The state court of appeals found that it was not clear from the record whether the trial court erroneously considered Petitioner's prior felony conviction as aggravating circumstances for purposes of altering the basic sentence when those prior convictions were also considered as grounds for sentence enhancement as a habitual offender, contrary to N.M.S.A. 1978 § 31-18-15.1(B). Ans., Ex. C.

pursue the unexhausted claim in state court.[3]

## Recommendation

I recommend that the Respondent's Motion to Dismiss **[docket # 10]** be GRANTED IN PART;[4] that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be DISMISSED WITHOUT PREJUDICE on grounds of nonexhaustion of claims. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner may choose to delay his federal habeas petition pending the exhaustion of all of his claims, with an eye toward the one-year statute of limitation that still applies to all the claims in his petition, including the one that has already been exhausted. 28 U.S.C. § 2244(d)(1) & (2). If Petitioner opts to amend the petition to abandon the unexhausted claim, he risks the loss of the chance to present that claim at a later time. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), cited in Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993).

[4] In addition to seeking dismissal based on nonexhaustion, Respondent seeks dismissal with prejudice for failing to allege a violation of federal law. These findings address only the former basis for dismissal.

3